**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **BACKERTOP LICENSING LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**AUGUST HOME, INC.,**<br><br>　　Defendant. | **CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.　　This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Backertop Licensing LLC ("Backertop" or "Plaintiff") makes the following allegations against August Home, Inc. ("August" or "Defendant").

**PARTIES**

2.　　Plaintiff is a Texas limited liability company, having its primary office at 2100 14th St., Suite 107 (PMB 1044), Plano, TX 75074 located in Collin County, Texas.

3.　　Defendant August is registered as a domestic corporation in the state of Delaware, and has a principal place of business at 665 3rd St., Suite #100, San Francisco, CA 94107. Defendant's Registered Agent for service of process in Delaware appears to be The Corporation Trust Co., Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

**JURISDICTION AND VENUE**

4.　　This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.　　Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b). Defendant is incorporated in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, in this Judicial District.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 9,332,385**

7.      Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 9,332,385 ("the '385 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '385 Patent issued on May 3, 2016, and has a priority date of February 13, 2015.  A true and correct copy of the '385 Patent is attached as Exhibit A.

8.      Defendant produces, sells, and offers for sale, August smart home security platforms and products – including, but not limited to, Defendant's Smart Lock and Connect products and systems and Defendant's August Home App (collectively, "August Systems").



9. More specifically, the August Systems that Defendant directly makes, uses, sells and offers for sale, are the infringing instrumentalities ("Defendant's Infringing Instrumentalities" or "Infringing Instrumentalities").

10. The Defendant's Infringing Instrumentalities operate based upon wireless communication between a mobile device (*e.g.*, user's mobile device with the August Home App installed) and at least one beacon (*e.g.*, August Smart Lock):

> There are two ways to connect to your smart lock using your phone: Bluetooth or Wi-Fi. Depending on the type connection you are having trouble with, select either Bluetooth or Wi-Fi for troubleshooting:

11. The Defendant's Infringing Instrumentalities operate using memory on the mobile device by storing the program code for the August Home App in that memory. That code is then executed by a processor associated with the mobile device to operate the August Home App as described hereinafter.

12. The Defendant's Infringing Instrumentalities identify a present physical location of such a mobile device:

> **Auto-Lock + Auto-Unlock**
>
> Set automatically to lock when you leave – immediately or up to 30 minutes after. Auto-Unlock recognizes you when you arrive and unlocks the door as you approach. With hands full of suitcases, bikes, or groceries, don't worry about juggling your keys.

13. The Defendant's infringing instrumentalities operate such that when a user's mobile device enabled with the August Home App is located at or near to its home, an August lock establishes a wireless connection with the mobile device.

> August Wi-Fi bridges communicate with August's servers to allow remote access to the August Smart Lock when you are outside of Bluetooth range. Without an August Wi-Fi bridge, you will not receive updates to your Activity Feed until an owner connects to the lock with their August App. If you have HomeKit or Z-Wave and no August Wi-Fi bridge, lock activity will not update in the Activity Feed in the August App until an owner has made a Bluetooth connection with the lock.

14. The Defendant's infringing instrumentalities operate such that the August lock communicates via wireless connection messages with the mobile device.

> **How does Auto-Unlock Work?**
>
> Auto-Unlock relies on a few different technologies in your phone, not only the August App but also your Bluetooth, Wi-Fi and GPS. These must be enabled in order for Auto-Unlock to work. All of these are regulated by your operating system talking to the August App. The August App has two states that determine how Auto-Unlock functions: Home and Away. When you're at home, your August App will enter Home Mode and Auto-Unlock will not activate, it's waiting for you to leave. When the August App sees you have left your neighborhood or traveled more than 200 meters from your home, Auto-Unlock will go into Away Mode, until your return home again.

15. The Defendant's infringing instrumentalities operate such that, when a user's mobile device is within range of the August lock, home mode is engaged and auto-unlock is disengaged:

> **How does Auto-Unlock Work?**
>
> Auto-Unlock relies on a few different technologies in your phone, not only the August App but also your Bluetooth, Wi-Fi and GPS. These must be enabled in order for Auto-Unlock to work. All of these are regulated by your operating system talking to the August App. The August App has two states that determine how Auto-Unlock functions: Home and Away. When you're at home, your August App will enter Home Mode and Auto-Unlock will not activate, it's waiting for you to leave. When the August App sees you have left your neighborhood or traveled more than 200 meters from your home, Auto-Unlock will go into Away Mode, until your return home again.

16. The Defendant's infringing instrumentalities operate such that, when a user's mobile device is out of range of the August lock, home mode is disengaged and auto-unlock is engaged:

> **How does Auto-Unlock Work?**
>
> Auto-Unlock relies on a few different technologies in your phone, not only the August App but also your Bluetooth, Wi-Fi and GPS. These must be enabled in order for Auto-Unlock to work. All of these are regulated by your operating system talking to the August App. The August App has two states that determine how Auto-Unlock functions: Home and Away. When you're at home, your August App will enter Home Mode and Auto-Unlock will not activate, it's waiting for you to leave. When the August App sees you have left your neighborhood or traveled more than 200 meters from your home, Auto-Unlock will go into Away Mode, until your return home again.

17.  The Defendant's infringing instrumentalities retrieve location specific rules and retrieve user profile data from the mobile device:

> Issue keys to family, friends, and services listed in your contacts with August. Simply send each guest an invitation to download the app. After doing so, they'll have instant access to your home based on the access levels you set. If they already have an August Account, your key will appear in their keychain after you send the invite provided you send it to the number listed in their August Account.
>
> Select iOS or Android (depending on your device) for steps to invite guests to use your August Smart Lock.
>
> Guests have limited access to the smart lock. If you want to give someone more access, such as Auto-Lock or Auto-Unlock privileges, you can upgrade them to Owner access. To change a Guest's access to Owner, follow the directions outlined here.



Biometric verified access.
Enable Verified Access for extra secure unlocking.

18.  The Defendant's infringing instrumentalities present content on the mobile device – via the August Home App – based upon the location specific rules and user profile data:

> Issue keys to family, friends, and services listed in your contacts with August. Simply send each guest an invitation to download the app. After doing so, they'll have instant access to your home based on the access levels you set. If they already have an August Account, your key will appear in their keychain after you send the invite provided you send it to the number listed in their August Account.
>
> Select iOS or Android (depending on your device) for steps to invite guests to use your August Smart Lock.



19. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

20. All recited elements of – at least – claims 1 and 8 of the '385 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

21. Defendant's infringing instrumentalities comprise systems that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

22. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

23. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

24. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies at least one application to be disabled while the mobile device is present at the physical location.

25. Defendant's infringing instrumentalities receive a response to the first message from the mobile device, indicating that the at least one application is disabled.

26. Defendant's infringing instrumentalities authorize, using a processor, the mobile device to establish presence on a network maintained for the physical location, responsive to the response to the first message.

27. Defendant's infringing instrumentalities infringe – at least – claims 1 and 8 of the '385 Patent.

28. Defendant's infringing instrumentalities literally and directly infringe – at least – claims 1 and 8 of the '385 Patent.

29. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claims 1 and 8 of the '385 Patent.

30. In the alternative, Defendant's infringing instrumentalities infringe – at least – claims 1 and 8 of the '385 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1 and 8 of the '385 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '385 Patent are insubstantial.

31. All recited elements of – at least – claims 1 and 8 of the '385 Patent are present within, or performed by, Defendant's infringing instrumentalities.

32. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1 and 8 of the '385 Patent, and Defendant is therefore liable for infringement of the '385 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,654,617

33. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 9,654,617 ("the '617 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '617 Patent issued on May 16, 2017, and has a priority date of February 13, 2015.  A true and correct copy of the '617 Patent is attached as Exhibit B.

34. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

35. All recited elements of – at least – claim 1 of the '617 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

36. Defendant's infringing instrumentalities comprise a computer program product that comprises a computer readable storage medium having program code stored thereon. That program code is executable by a processor to perform certain operations, as described hereinafter.

37. Defendant's infringing instrumentalities comprise operations that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

38. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

39. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

40. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies at least one application to be disabled while the mobile device is present at the physical location.

41. Defendant's infringing instrumentalities receive a response to the first message from the mobile device, indicating that the at least one application is disabled.

42. Defendant's infringing instrumentalities authorize, using a processor, the mobile device to establish presence on a network maintained for the physical location, responsive to the response to the first message.

43. Defendant's infringing instrumentalities infringe – at least – claim 1 of the '617 Patent.

44. Defendant's infringing instrumentalities literally and directly infringe – at least – claim 1 of the '617 Patent.

45. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claim 1 of the '617 Patent.

46. In the alternative, Defendant's infringing instrumentalities infringe – at least – claim 1 of the '617 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claim 1 of the '617 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '617 Patent are insubstantial.

47. All recited elements of – at least – claim 1 of the '617 Patent are present within, or performed by, Defendant's infringing instrumentalities.

48. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claim 1 of the '617 Patent, and Defendant is therefore liable for infringement of the '617 Patent.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 10,728,382

49. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 10,728,382 ("the '382 Patent") entitled "Selectively Providing Content to Users Located Within a Virtual Perimeter" – including all rights to recover for past, present and future acts of infringement. The '382 Patent issued on July 28, 2020, and has a priority date of February 13, 2015. A true and correct copy of the '382 Patent is attached as Exhibit C.

50. Plaintiff herein restates and incorporates by reference paragraphs 8 – 18, above.

51. All recited elements of – at least – claims 1, 8 and 15 of the '382 Patent are present within the structure and/or operation of Defendant's infringing instrumentalities.

52. Defendant's infringing instrumentalities comprise a computer program product that comprises a computer readable storage medium having program code stored thereon. That program code is executable by a processor to perform certain operations, as described hereinafter.

53. Defendant's infringing instrumentalities comprise operations that identify a present physical location of a mobile device, based upon wireless communication between the mobile device and at least one beacon.

54. Defendant's infringing instrumentalities determine that the mobile device is located at a particular physical location.

55. Defendant's infringing instrumentalities communicate at least a first message to the mobile device, responsive to determining that the mobile device is located at the particular physical location.

56. Defendant's infringing instrumentalities communicate at least a first message to the mobile device that specifies at least one application to be disabled while the mobile device is present at the physical location.

57. Defendant's infringing instrumentalities receive a response to the first message from the mobile device, indicating that the at least one application is disabled.

58. Defendant's infringing instrumentalities deny, using a processor, the mobile device to establish presence on a network maintained for the physical location, responsive to not receiving a response to the first message indicating that the at least one application is disabled.

59. Defendant's infringing instrumentalities infringe – at least – claims 1, 8 and 15 of the '382 Patent.

60. Defendant's infringing instrumentalities literally and directly infringe – at least – claims 1, 8 and 15 of the '382 Patent.

61. Defendant's infringing instrumentalities perform or comprise all required elements of – at least – claims 1, 8 and 15 of the '382 Patent.

62. In the alternative, Defendant's infringing instrumentalities infringe – at least – claims 1, 8 and 15 of the '382 Patent under the doctrine of equivalents. Defendant's infringing instrumentalities perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 8 and 15 of the '382 Patent. Any differences between Defendant's infringing instrumentalities and the claims of the '382 Patent are insubstantial.

63. All recited elements of – at least – claims 1, 8 and 15 of the '382 Patent are present within, or performed by, Defendant's infringing instrumentalities.

64. Defendant's infringing instrumentalities, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1, 8 and 15 of the '382 Patent, and Defendant is therefore liable for infringement of the '382 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '385 Patent, the '617 Patent, and the '382 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '385 Patent, the '617 Patent, and the '382 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '385 Patent, the '617 Patent, and the '382 Patent, as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

April 28, 2022                                        Respectfully Submitted,

                                                CHONG LAW FIRM PA

/s/ Jimmy Chong
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

**ATTORNEY FOR PLAINTIFF
BACKERTOP LICENSING LLC**